UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 331 CDP |
| | ) | |
| WALGREEN CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

Walgreens manager Scott Haynes is properly named as a defendant in this employment discrimination lawsuit brought under the Missouri Human Rights Act (MHRA), so I will deny his motion to dismiss. But because complete diversity exists between the parties and the amount in controversy exceeds $75,000, I will deny plaintiff's motion to remand this case to state court. Plaintiff shall have thirty days within which to serve the remaining diverse defendant in this case, Cecile Wong.

## Background

Plaintiff Pamela Marshall is an African American woman who began working for defendant Walgreen Co. in 1985 when she was eighteen years old. She began her employment as a pharmacy intern and was later promoted to pharmacy manager, pharmacy supervisor, and eventually district manager in May

2015. During the course of her employment as district manager, she was supervised by defendants Cecile Wong and Scott Haynes. She was the only African American district manager in the St. Louis metropolitan area and the only African American district manager reporting to Haynes.

In March 2016, Marshall complained to Walgreens that Wong treated her differently and more severely than other district managers; after this complaint she was placed on a performance improvement plan (PIP). Marshall successfully completed the PIP in May 2016 and asked Haynes to strike the PIP from her record, but he refused. For the year ending August 2016, Marshall received a low rating in her performance evaluation and was criticized for issues that non-African American district managers did not get criticized for. In December 2016, Marshall was again placed on a PIP and was criticized for conduct that non-African American district managers did not get criticized for.

On April 10, 2017, Wong told Marshall that Walgreens had eliminated her position, and she was demoted to management trainee. She began working in that position on April 21. In the meanwhile, a younger, less experienced, white male replaced Marshall in her district manager position. Marshall ended her employment with Walgreens on April 26.

Marshall filed a charge of discrimination with the Missouri Human Rights Commission (MHRC) on May 16, 2017, alleging that defendants Walgreens,

Wong, and Haynes discriminated against her in her employment on account of her race, age, and sex and, further, in retaliation for engaging in protected conduct. The MHRC issued Marshall a notice of right to sue on November 13, 2017.

On January 22, 2018, Marshall filed this action in the Circuit Court of the City of St. Louis, Missouri, alleging that she was subjected to a hostile work environment and constructively discharged because of her race, age, and sex, and in retaliation for her complaints of discrimination, all in violation of the MHRA. She named Walgreen Co., Wong, and Haynes as defendants. Walgreens and Haynes removed the action to this Court on February 27, 2018, invoking this Court's diversity jurisdiction. Defendant Wong has not yet been served in the case.

**Motion to Dismiss**

Defendant Haynes seeks to dismiss Marshall's claims against him, arguing that at the time Marshall's claims accrued, Missouri law provided that individuals were not subject to liability under the MHRA. Although Missouri courts have not yet spoken on the issue, I agree with plaintiff that her cause of action accrued at a time when the MHRA provided for individual liability.

At the time of the alleged discriminatory conduct and when Marshall filed her charge of discrimination, Missouri law provided that individuals could be held liable under the MHRA. Mo. Rev. Stat. § 213.010(7) (2016). That law was

amended effective August 28, 2017, however, changing the definition of "employer" to exclude individuals. Mo. Rev. Stat. § 213.010(8)(c) (2017). Although Missouri courts have not yet addressed the issue, various federal courts have determined that because this change to the law removed a cause of action a plaintiff would otherwise have against individual defendants, the amendment was substantive and could not be applied retroactively. *See Woodruff v. Jefferson City Area YMCA*, No. 17-4244-CV-C-WJE, 2018 WL 576857, at *3 (W.D. Mo. Jan. 27, 2018); *Billingsley v. Rich Logistics, LLC*, No. 4:17 CV 2834 SNLJ, 2018 WL 1924339, at *2 (E.D. Mo. Apr. 24, 2018). *See also McGuire v. St. Louis Cty., Mo.*, No. 4:17 CV 2818 CDP, 2018 WL 705050, at *2-3 (E.D. Mo. Feb. 5, 2018) (agreeing with *Woodruff* court's reasoning, but recognizing that Missouri courts have not decided the issue). "It is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued." *Klotz v. St. Anthony's Med. Ctr.*, 311 S.W.3d. 752, 760 (Mo. banc 2010). Haynes does not quarrel with this reasoning. Instead, he claims that Marshall's cause of action did not accrue until November 13, 2017, when the MHRC issued its right-to-sue notice. Because the MHRA did not provide for individual liability at that time, Haynes argues that Marshall's claims against him must be dismissed.

So the question is: when does an MHRA employment discrimination

claim "accrue"?

The MHRA does not specifically define when a cause of action for employment discrimination "accrues" and no Missouri court has addressed the issue. But because the MHRA is modeled after federal anti-discrimination laws, federal law on the issue is strong persuasive authority. *See Hammond v. Municipal Correction Inst.,* 117 S.W.3d 130, 134 (Mo. Ct. App. 2003) (Missouri courts look to federal employment discrimination law where there is no Missouri precedent); *Pollock v. Wetterau Food Distribution Grp.*, 11 S.W.3d 754, 771 (Mo. Ct. App. 1999) (looking to federal law when MHRA not explicit on issue).

Under federal law, an employee's claim of discrimination accrues when the alleged discriminatory action occurs, *e.g.*, for wrongful discharge, when the employee is fired. "At that point . . . he has a 'complete and present cause of action.'" *Green v. Brennan*, 136 S. Ct. 1769, 1777 (2016). *See also Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005) (cause of action for employment discrimination accrues on date adverse employment action is communicated to employee); *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 362 (8th Cir. 1997) ("an employee's claim accrues on the date she is notified of the employer's [adverse] decision."); *Noel v. AT & T Corp.*, 936 F. Supp. 2d 1084, 1091-94 (E.D. Mo. 2013) (cause of action for wrongful termination under MHRA accrued when employee tendered resignation). I note that various

provisions of the MHRA itself are consistent with this principle. First, the MHRA's statute of limitations requires that a cause of action must be brought in court "no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. § 213.111.1. And the MHRA's administrative process by which an employee must file and pursue an administrative complaint is itself based on the date when the alleged act of discrimination occurred. *See* Mo. Rev. Stat. § 213.075.1. Upon consideration of this language of the MHRA, and acting under the guidance of federal law, I conclude that a cause of action for employment discrimination under the MHRA accrues when the alleged discriminatory conduct occurred.

If I were to conclude otherwise and agree with Haynes that employment discrimination claims accrue when the MHRC issues its notice of right to sue rather than when the alleged discriminatory conduct occurred, the effect in this case and in other factually similar cases would be to apply the statute's substantive amendment in such a manner so as to forever bar an aggrieved party from vindicating a right that was legally protected when the alleged actionable discriminatory conduct occurred, despite that party's compliance with the law to so vindicate that right. Applying the amendment in this manner would make it retrospective in its operation, which itself violates Missouri law. Mo. Const. art. I, § 13. This I cannot and will not do.

Because all of the discriminatory conduct alleged in this case occurred before August 28, 2017, Marshall's claims of employment discrimination based on that conduct accrued at a time when individuals were liable under the MHRA for employment discrimination. I will therefore deny Haynes' motion to dismiss.

**Motion to Remand**

Marshall moves to remand the case to state court, arguing that she and defendant Haynes are both citizens of the State of Missouri and thus that complete diversity of citizenship is absent. Haynes contends, however, that he was a citizen of South Carolina at all relevant times and continues to be.[1]

Upon review of the evidence submitted on the motion, I am satisfied that defendants have proven by a preponderance of the evidence that at the time Marshall filed this lawsuit in January 2018 and at the time of removal in February, defendant Haynes was a citizen of the State of South Carolina. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (to remove case to federal court based on diversity jurisdiction, parties must be diverse both when plaintiff initiates the action in state court and when defendant files notice of removal in federal court); *In re Prempro Prods. Liab. Litig.*, 591

---

[1] Defendant Walgreens is a citizen of Illinois, and defendant Wong is a citizen of New York. There appears to be no dispute that the amount in controversy exceeds the jurisdictional threshold of $75,000.

F.3d 613, 620 (8th Cir. 2010) (burden on removing defendant to show by preponderance of the evidence that all jurisdictional requirements are met).

Several months before Marshall filed this lawsuit, Haynes listed his Missouri home for sale, purchased a home in and moved with his family to South Carolina, and enrolled his child in a South Carolina school. In view of this objective evidence of Haynes' intent to make South Carolina his home indefinitely, I cannot find that his intermittent presence in Missouri to oversee the listing and sale of his Missouri house and to continue to work with Walgreens on a temporary basis by commute shows an intent to remain domiciled in Missouri. *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017).

Marshall's motion to remand will be denied.

### Service of Defendant Wong

Under Fed. R. Civ. P. 4(m), the Court, after notice to the plaintiff, is directed to dismiss an action against a defendant upon whom service has not been made within ninety days after the filing of the complaint. The Rule 4(m) period for service expired in this case on May 28, 2018, ninety days after the matter was removed to this Court. As stated above, defendant Wong has not yet been served. Given that the various jurisdiction-determinative motions pending during that time have now been ruled, I will give Marshall thirty days to

effectuate service on defendant Wong. In the absence of good cause shown, failure to serve Wong within this period will result in the dismissal of Marshall's claims against Wong without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Scott Haynes' Motion to Dismiss [8] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Pamela Marshall's Motion to Remand [21] is **DENIED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order, plaintiff shall cause service to be effected upon defendant Cecile Wong. In the absence of good cause shown, failure to effect timely service shall result in the dismissal of plaintiff's claims without prejudice against this unserved defendant.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018.